UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JETT ELAD,<br><br>       Plaintiff,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>       Defendant. | Civil Action No. 3:25-cv-01981-ZNQ-JTQ<br><br>CONSENT ORDER EXTENDING TEMPORARY RESTRAINING ORDER |

WHEREAS, on March 20, 2025, Plaintiff, Jett Elad ("Elad"), filed an emergent *ex parte* application for an order to show cause requiring Defendant, National Collegiate Athletic Association (the "NCAA"), to show cause why the Court should not issue a temporary restraining order and grant a preliminary injunction enjoining the NCAA (a) from enforcing the five-year rule (the "Five-Year Rule") codified in section 12.8.1 of the NCAA Division I 2024-25 Manual ("Bylaws") as it applies to Plaintiff's time spent at a junior college; (b) to immediately grant Rutgers University ("Rutgers") and/or Elad a waiver of any NCAA eligibility rule that would preclude Elad from engaging in intercollegiate competition in the 2025-26 season based on his time spent at a junior college; (c) to declare Elad eligible to play for Rutgers during the 2025-26 season; and (d) from enforcing the Rule of Restitution (Bylaws § 12.11.4.2) against Elad or Rutgers in connection with Elad's reliance on this and any other order in this

action granting him injunctive relief for purposes of engaging in intercollegiate competition; and

WHEREAS, in an Order to Show Cause with temporary restraints dated March 20, 2025 (ECF No. 3) (the "OTSC"), the Court set a hearing date of April 3, 2025 for Elad's application for a preliminary injunction, granted the temporary restraining order requested by Elad (the "TRO"), and thus ordered that, pending the April 3 hearing date, "the NCAA is temporarily restrained and enjoined (a) from enforcing the Five-Year Rule as it applies to Plaintiff's time spent at a junior college; (b) to immediately grant Rutgers and/or Elad a temporary waiver of any NCAA eligibility rule that would preclude Elad from participating in the 2025-26 season based on his time spent at a junior college; (c) to temporarily treat Elad as eligible to play for Rutgers during the 2025-26 season; and (d) from enforcing the Rule of Restitution (Bylaws § 12.11.4.2) against Elad or Rutgers for complying with and relying on this and any other order in this action granting him injunctive relief for purposes of engaging in intercollegiate competition;" and

WHEREAS, during a telephone status conference on March 31, 2025, the Court (i) rescheduled the hearing on Elad's application for a preliminary injunction to April 16, 2025, at 10:30 a.m.; and (ii) directed the parties to submit a Consent Order extending the TRO through and including the preliminary injunction hearing; and

WHEREAS, in a Text Order dated March 31, 2025 (ECF No. 9), the Court directed the parties to submit a Consent Order extending the TRO through the hearing on Elad's application for a preliminary injunction "plus a week for the Court's decision;" and

WHEREAS, the parties consent to the extension of the TRO through and including one week after the hearing on Elad's application for a preliminary injunction;

NOW THEREFORE IT IS ORDERED, pursuant to Federal Rule of Civil Procedure 65(b)(2), that the TRO is extended and shall continue in effect by consent of the parties up through and including one week after the preliminary injunction hearing in this matter, currently scheduled for April 16, 2025, thus extending the TRO through and including April 23, 2025; and

IT IS FURTHER ORDERED that the NCAA is temporarily restrained and enjoined, through and including one week after the preliminary injunction hearing in this matter, (a) from enforcing the Five-Year Rule as it applies to Plaintiff's time spent at a junior college; (b) to immediately grant Rutgers and/or Elad a temporary waiver of any NCAA eligibility rule that would preclude Elad from participating in the 2025-26 season based on his time spent at a junior college; (c) to temporarily treat Elad as eligible to play for Rutgers during the 2025-26 season; (d) from enforcing the Rule of Restitution (Bylaws § 12.11.4.2) against Elad or Rutgers for

3

complying with and relying on this and any other order in this action granting him injunctive relief for purposes of engaging in intercollegiate competition; and (e) staying the NCAA's deadline to respond to the Complaint (ECF No. 1) pending the Court's decision on the Order to Show Cause.

Dated: April __, 2025

_____
HON. ZAHID N. QURAISHI, U.S.D.J.

**AGREED AS TO FORM AND SUBSTANCE:**

/s/ Kevin H. Marino
Kevin H. Marino
John A. Boyle
Erez J. Davy
**MARINO, TORTORELLA & BOYLE, P.C.**
437 Southern Boulevard
Chatham, NJ 07928-1488
(973) 824-9300
*Attorneys for Plaintiff*

/s/ Duvol M. Thompson
Duvol M. Thompson
Kenneth L. Racowski
**HOLLAND & KNIGHT LLP**
787 Seventh Ave.
31st Floor
New York, NY 10019
(212) 513-3263
*Attorneys for Defendant*