# Holland & Knight

1650 Market Street, Suite 3300 | Philadelphia, PA 19103 | T 215.252.9600 | F 215.867.6070
Holland & Knight LLP | www.hklaw.com

Kenneth L. Racowski
+1 215-252-9580
Kenneth.Racowski@hklaw.com

> **The Court requires any witness, including Dr. Backus, to appear in person and be offered for cross-examination. If Defendant prefers, it may withdraw Dr. Backus's declaration. Defendant shall advise the Court and Plaintiff of its decision by close of business today.**
>
> **So Ordered this 14th day of April 2025.**
>
> **ZAHID N. QURAISHI**
> **UNITED STATES DISTRICT JUDGE**

April 11, 2025

<u>Via ECF</u>

Honorable Zahid N. Quraishi, U.S.D.J.
United State District Court for the District of New Jersey
402 East State Street
Trenton, NJ 98608

      Re:    *Jett Elad v. National Collegiate Athletic Association*
              Case No. 3:25-cv-01981

Dear Judge Quraishi:

We write on behalf of the National Collegiate Athletic Association (NCAA) concerning the upcoming hearing on April 16, 2025 on Plaintiff's motion for a preliminary injunction. Plaintiff set forth a proposed order for the hearing on April 4, 2025, and yesterday submitted a letter motion, which the Court granted.

Plaintiff bears the burden in establishing his entitlement to the mandatory injunctive relief he seeks in his motion but failed in his initial papers to support his likelihood of success on the merits of his Sherman Act claim with any evidence of harm to competition—and not just harm to himself—based on the NCAA's eligibility rules. Plaintiff offered no expert or economic evidence in support of his Motion. The NCAA in its Opposition offered the declaration of Dr. Backus merely to bolster its arguments for why the Plaintiff could not meet his burden based only on the evidence he included with his motion.

When Plaintiff for the first time in his reply offered an expert declaration from Dr. Maxcy to support his Sherman Act claim, the NCAA elected to rebut Dr. Maxcy with a report from Dr. Frederick Flyer. Plaintiff will suffer no prejudice from the NCAA's decision not to bring Dr. Backus live to Court—and the NCAA respectfully submits that it (and not the Plaintiff) should have the ability to determine how it will defend against Plaintiff's claims and on whom it will rely in its defense. Because Plaintiff bears the burden to support his entitlement to a preliminary injunction, the orderly presentation of evidence at the upcoming hearing would consist of Plaintiff offering his evidence, including the testimony of Dr. Maxcy, followed by the NCAA

April 11, 2025
Page 2

offering the evidence on which it chooses to rely to rebut Plaintiff's evidence.  That is the role of Dr. Flyer, who—with the Court's permission—will be the only witness the NCAA will call at the April 16 hearing.  However, if the Court orders the NCAA to bring Dr. Backus to testify at the hearing, we will of course do so, although we believe his appearance (along with the associated expense) is not necessary to the resolution of these issues.

Respectfully submitted,

HOLLAND & KNIGHT LLP

Kenneth L. Racowski

**Error! Unknown document property name.**