# Holland & Knight

1650 Market Street, Suite 3300 | Philadelphia, PA 19103 | T 215.252.9600 | F 215.867.6070
Holland & Knight LLP | www.hklaw.com

Kenneth L. Racowski
+1 215-252-9580
Kenneth.Racowski@hklaw.com

June 6, 2025

*Via ECF*

The Honorable Zahid N. Quraishi
United States District Judge
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> RE:   *Jett Elad v. National Collegiate Athletic Association*, Case No. 3:25-cv-01981,
>          Pre-Motion Letter for NCAA's Motion to Dismiss

Your Honor:

We write on behalf of Defendant, the National Collegiate Athletic Association ("**NCAA**"), regarding the above-referenced matter filed by Jett Elad ("**Mr. Elad**"). Pursuant to Your Honor's judicial preferences, we write to respectfully request that a pre-motion conference be scheduled in this case regarding the NCAA's proposed motion to dismiss for failure to state a claim. As the Court is aware, the Third Circuit granted a motion to expedite the appeal of the entry of a preliminary injunction in this case, such that the appeal will be fully briefed on July 25, 2025 and set for argument promptly thereafter. For that reason, the NCAA maintains that a stay is the appropriate next step in this litigation. In the alternative, however the NCAA requests a pre-motion conference for the reasons outlined below.

**I.   The Complaint fails to state a plausible claim that the NCAA has violated § 1 of the Sherman Act (Count 1).**

To sustain a cause of action under Section 1 of the Sherman Act, the plaintiff must prove "(1) that the defendants contracted, combined, or conspired among each other; (2) that the combination or conspiracy produced adverse, anti-competitive effects within relevant product and geographic markets; (3) that the objects of and the conduct pursuant to that contract or conspiracy were illegal; and (4) that the plaintiff was injured as a proximate result of that conspiracy." *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 34 F. Supp. 3d 465, 480 (D.N.J. 2014).

### A.   *Eligibility Rules Are Not Subject to Antitrust Scrutiny*

Until the present matter, the NCAA's eligibility rules in the Third Circuit have not been subject to Sherman Act scrutiny. *See Smith v. NCAA*, 139 F.3d 180, 185 (3d Cir. 1998), *vacated and remanded on other grounds*, 525 U.S. 459 (1999) (affirming dismissal of antitrust claims and explaining that eligibility rules are "not related to the NCAA's commercial or business activities,"

The Honorable Zahid N. Quraishi
June 6, 2025
Page 2

because they "primarily seek to ensure fair competition in intercollegiate athletics."); *Bowers v. NCAA*, 9 F. Supp. 2d 460, 497–98 (D.N.J. 1998) (dismissing claims that challenged "all eligibility requirements," including initial academic qualification requirements); *Pennsylvania v. NCAA,* 948 F. Supp. 2d 416, 426–28 (M.D. Pa. 2013) (applying *Smith* and dismissing antitrust claims against the NCAA's sanctioning of Penn State in the wake of the Sandusky scandal); *Pocono Invitational Sports Camp, Inc. v. NCAA*, 317 F. Supp. 2d 569, 584 (E.D. Pa. 2004) (describing "eligibility rules" as "immune from antitrust scrutiny"). Therefore, as a threshold matter, Mr. Elad's claims should be dismissed as the NCAA's eligibility rules are not subject to Sherman Act scrutiny.

**B.   *The Complaint Does Not Allege Any Harm to Competition, or Alternatively, Antitrust Injury***

When there is no antitrust injury, a plaintiff does not have standing to sue for antitrust claims because he has not alleged an antitrust injury. "[An] injury, although causally related to an antitrust violation, nevertheless will not qualify as an 'antitrust injury' unless it is attributable to ... a competition-reducing aspect or effect of the defendant's behavior." *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334, 344 (1990). Mr. Elad cannot show an antitrust injury because he fails to explain how the NCAA's eligibility rules—which limit the number of student-athletes allowed to participate and thus (as a matter of supply and demand) increase the quality of the student-athlete experience (and likely potential NIL compensation)—are "anticompetitive".

**C.   *The Complaint Does Not Plausibly Allege a Relevant Market***

"Where the plaintiff fails to define its proposed relevant market with reference to the rule of reasonable interchangeability and cross-elasticity of demand, or alleges a proposed relevant market that clearly does not encompass all interchangeable substitute products even when all factual inferences are granted in plaintiff's favor, the relevant market is legally insufficient and a motion to dismiss may be granted." *Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430, 436 (3d Cir. 1997) (affirming the district court's dismissal of antitrust claims). "The relevant market is 'the area of effective competition' or the 'arena within which significant substitution in consumption or production occurs.'" *Brantmeier v. NCAA*, No. 1:24-CV-238, 2024 U.S. Dist. LEXIS 182251, at *8–9 (M.D.N.C. Oct. 7, 2024) (quoting *Am. Express Co.*, 585 U.S. at 543). Without defining the relevant market, "there is no way to measure the defendant's ability to lessen or destroy competition." *Ohio v. Am. Express Co*., 585 U.S. 529, 543 (2018). In his Complaint, Mr. Elad pleads no specific facts supporting the existence of a relevant antitrust market for purposes of his Sherman Act claim. Instead, he simply invites the Court to indiscriminately adopt *Pavia*. Compl. ¶ 44. Mr. Elad asserts "[a]s the court in *Pavia* found, the relevant market for purposes of this case is 'the labor market for college football athletes in general and NCAA Division I football specifically[,]'" (*Id*.). He includes no allegations about reasonable interchangeability of buyers for student-athletes' labor or cross-elasticity of demand. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 345–47 (7th Cir. 2012) (affirming dismissal for lacking a relevant labor market definition). Accordingly, Count I fails to state a claim.

The Honorable Zahid N. Quraishi
June 6, 2025
Page 3

**II.     The Complaint fails to state a plausible claim for Breach of Contract (Count 2).**

"To prevail on a breach of contract claim, Plaintiff must prove that a valid contract existed, Defendant materially breached the contract and Plaintiff suffered damages as a result of the breach. . . . In order for a valid contract to exist, Plaintiff must show mutual assent, consideration, legality of the object of the contract, capacity of the parties and formulation of memorialization." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 421 F. Supp. 2d 831, 833 (D.N.J. 2006), *aff'd*, 482 F.3d 247 (3d Cir. 2007) (quotations and citations omitted).  First, Mr. Elad does not allege the existence of any contract.  In his Complaint, he asserts that "Rutgers has agreed to submit to and abide by the NCAA's rules and regulations in exchange for the benefit of NCAA membership . . . [and] Elad is an intended third-party beneficiary of the contractual relationship between Rutgers and the NCAA." Comp. ¶¶ 71-72.  However, Mr. Elad does not specify what agreement exists or which provision demonstrates Mr. Elad is an intended third-party beneficiary; as such, this claim should be dismissed for failure to state a claim.  *See Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins. Co.*, No. CV 17-2055, 2019 WL 1916205 at *8 (D.N.J. Apr. 30, 2019) (dismissing a third party beneficiary contract claim where plaintiff "neither provided a copy of the [] Agreement for consideration, nor does it reference a single provision from that contract in the proposed FAC.  In the absence of this information, [plaintiff] has not sufficiently alleged, nor can the Court ascertain, if Cigna and Multiplan entered into an agreement for the direct benefit of [plaintiff], or whether [plaintiff] merely constitutes an incidental third-party beneficiary, or even a beneficiary at all.").  Finally, many courts have held that the NCAA's Bylaws are not an enforceable contract.  *See, e.g.*, *Knelman v. Middlebury Coll.*, 898 F. Supp. 2d 697, 715 (D. Vt. 2012); *Hairston v. Pacific 10 Conference*, 101 F.3d 1315, 1320 (9th Cir. 1996); *Doe v. NCAA*, No. 1:23-cv-00542-SEB-MJD, 2024 WL 3293591, at *20–21 (S.D. Ind. July 2, 2024).

**III.    The Complaint fails to state a plausible claim for Breach of the Implied Covenant of Good Faith and Fair Dealing (Count 3).**

First, because the Complaint insufficiently alleges that Mr. Elad is an intended third-party beneficiary, as discussed with respect to Count II, he lacks standing to assert a claim for breach of the implied covenant of good faith and fair dealing as alleged in Count III.  Second, a "plaintiff cannot bring an implied covenant of good faith and fair dealing claim alongside a breach of contract claim when 'the two asserted breaches basically rest on the same conduct.'" *Spellman v. Express Dynamics*, LLC, 150 F. Supp. 3d 378, 389 (D.N.J. 2015); *Beaman v. Bank of Am., N.A.*, Civ. No. 21-2056, 2023 WL 4784254, at *16 (D.N.J. July 27, 2023) (dismissing the plaintiffs' claims for breach of the implied covenant of good faith and fair dealing as duplicative of their breach of contract claims where the implied covenant claims were "alleged as breaches of the parties' express contract").  Here, the NCAA's enforcement of its Five Year Rule establishes the bases for both Mr. Elad's breach of contract claim and breach implied covenant of good faith and fair dealing claim.  Compl. ¶¶ 74-75, 80-81.  As such, this claim must be dismissed.

We thank Your Honor in advance for your consideration of this matter.

The Honorable Zahid N. Quraishi
June 6, 2025
Page 4

Respectfully submitted,

HOLLAND & KNIGHT LLP

*[signature]*

Kenneth L. Racowski

KR:dd