# MARINO, TORTORELLA & BOYLE, P.C.
## ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
———
EREZ J. DAVY*
MICHAEL J. FLYNN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 864-7200
e-mail: kmarino@khmarino.com
*OF COUNSEL

June 10, 2025

**VIA ECF**

Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court
District of New Jersey
402 East State Street
Trenton, NJ 08608

      Re: *Jett Elad v. National Collegiate Athletic Association*
            Case No. 3:25-cv-01981-ZNQ-JTQ

Dear Judge Quraishi:

      Please accept this letter as Jett Elad's response to the NCAA's request for a pre-motion conference on its proposed motion to dismiss in the event the Court denies the NCAA's motion for a stay pending appeal.

      In its April 25th ruling, the Court found that Elad had established a sufficient likelihood of prevailing on his antitrust claim, holding as a threshold matter that he had shown the JUCO Rule to be commercial in nature and thus within the scope of the Sherman Act:

> Based on the preliminary record now before the Court—including the direct testimony of Dr. Maxcy and the cross-examination of Dr. Flyer discussed above—the undersigned finds that the JUCO Rule is commercial in nature because a NIL agreement is a commercial transaction and the JUCO Rule limits who is eligible to play and therefore to negotiate a NIL agreement. . . .  Selectively limiting JUCO students from that pool necessarily has a commercial effect. . . . Accordingly, the Court finds that the JUCO Rule is subject to the Sherman Act.

(*See* 4/25/25 Opinion (ECF No. 29) ("Op."), at 13.)  In support of that finding, the Court explained why Elad is likely to prove a relevant market and anticompetitive harms:

- "On cross-examination, Dr. Flyer testified that he did not object to defining the relevant market in this case as 'the labor market for college football athletes in general and NCAA Division I football players in particular.'"  (Op. at 5.)

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Zahid N. Quraishi, U.S.D.J.
June 10, 2025 – Page 2

- "Elad asserts a relatively straightforward argument: as the sole rule-making authority, the NCAA exercises power in the relevant market and it is anticompetitive for the NCAA to count students' play at a junior college against their NCAA year-limit. The anticompetitive effect of this policy is to 'discourage and penalize student-athletes from attending Junior Colleges, harm the Junior Colleges' ability to compete with Division I schools for talented athletes, and limit the choice of educational institutions available to student-athletes.'" (Op. at 15 (quoting and citing Complaint ¶¶ 49, 53-54).)

- "Removing players with the JUCO Rule distorts the labor market by reducing competition, depressing the prices at which Division I schools can acquire athletes, and the pay athletes can earn in NIL agreements." (Op. at 15.)

- "'[R]estrictions on who can compete (and earn NIL compensation) and for how long necessarily have anticompetitive effects.'" (Op. at 16 (quoting *Pavia v. NCAA*, 760 F. Supp. 3d 527, 540 (M.D. Tenn. 2024).)

- "Elad has shown a likelihood that the JUCO Rule has a substantial effect on the labor market for college football." (Op. at 16.)

The Court's finding that Elad is likely to succeed on his Sherman Act claim bespeaks the futility of a motion to dismiss that claim; one cannot have a likelihood of success on a claim that fails as a matter of law. *See Williams v. Little*, No. 1:23-cv-00037, 2023 U.S. Dist. LEXIS 109247, at *47 (W.D. Pa. June 23, 2023) (holding that the court's grant of a preliminary injunction "necessarily addressed" defendant's motion to dismiss, as it indicated that plaintiff's complaint "more than adequately states a claim for relief"); *Chancey v. Ill. State Bd. of Elections*, 635 F. Supp. 3d 627, 630 (N.D. Ill. 2022) ("For the reasons set forth below, the plaintiffs' motion for a preliminary injunction is granted, and the motion to dismiss is denied because the plaintiffs, having shown they have some likelihood of success on the merits, necessarily have also demonstrated that they have stated a plausible claim for relief.").

The NCAA also proposes moving to dismiss Elad's two contract claims, one for breach of contract (Count Two) and the other for breach of the implied covenant of good faith (Count Three), arguing that (a) the Complaint fails to identify the agreement that has been breached and to plead that Elad is an intended beneficiary of that agreement; and (b) these two claims are impermissibly duplicative. (NCAA 6/6/25 Letter Br. at 3.) The NCAA is mistaken. First, the Complaint specifically alleges that (i) the NCAA breached the rules set forth in the Division I 2024-25 Manual (the "Bylaws") by impermissibly applying the JUCO Rule; and (ii) Elad is an intended beneficiary of the Bylaws, (*see* Complaint ¶¶ 16, 74-77), and student-athletes such as Elad are undeniably third-party beneficiaries with standing to sue the NCAA for breach of contract. *See Bloom v. NCAA*, 93 P.3d 621, 623-24 (Colo. App. 2004); *Oliver v. NCAA*, 920 N.E.2d 196, 200 (Ohio C.P.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Zahid N. Quraishi, U.S.D.J.
June 10, 2025 – Page 3

2008). Second, beyond the fact that plaintiffs are generally allowed to plead alternative claims,[1] Elad's two contract theories are not impermissibly duplicative. Elad's breach-of-contract claim is based on the NCAA's improper reliance on a rule (the JUCO Rule) that violates the Sherman Act to preclude him from playing. (*See* Complaint ¶¶ 74-75.) His implied-covenant claim, by contrast, is based on the NCAA's improper exercise of its discretion to unreasonably and arbitrarily refuse to waive the Five-Year Rule in Elad's circumstances, particularly when it granted a blanket waiver of a related rule following the decision in *Pavia*. (*See id.* ¶¶ 4, 19, 21, 25, 79-80.) *See Marshall v. Verde Energy USA, Inc.*, No. 18-cv-1344, 2019 U.S. Dist. LEXIS 44687, at *15 (D.N.J. Mar. 19, 2019) (finding that contract and implied-covenant claims were appropriately asserted in the alternative because the implied-covenant claim was based on defendant's improper exercise of "unilateral discretion," making it "possible that while [defendant] did not breach an express term of the contract, [it] violated the implied covenant contained in the contract.").

For these reasons, the NCAA's anticipated motion would be futile and a pre-motion conference unnecessary.

Thank you for your consideration of this submission.

Respectfully submitted,

Kevin H. Marino

cc: Counsel of record (via ECF)

---

[1] *See generally Platinum Supply Grp. LLC v. A&O USA Inc.*, No. 24-cv-643, 2024 U.S. Dist. LEXIS 231616, at *28 (D.N.J. Dec. 23, 2024) ("[T]he Federal Rules of Civil Procedure permit plaintiffs to plead alternative theories of recovery.").